ALMET POWELL
V.
THE CITY OF GILMAN.

*Municipal Corporations—Streets—Dedication of—Failure to Acknowledge Plat—Evidence.*

1. Where a tract of land was subdivided and a proper plat made and recorded and the streets so indicated were accepted by the city as public streets and part of them worked for years, the failure of the parties to acknowledge the plat was immaterial so far as the dedication of the streets was concerned. In an action by the city for obstructing one of such streets it is unimportant whether the dedication was statutory or common law.

2. The city was not bound to open and work all the streets in the subdivision at once in order to maintain their public character.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. C. H. PAYSON, for appellant.

Messrs. S. S. CONE and KAY, EVANS & KAY, for appellee.

C. B. SMITH, P. J.   This was a prosecution begun by appellee against appellant before a justice of the peace charging him with the violation of an ordinance of the city.   The offense charged was the closing up and obstructing a certain street in the city.   The defendant was convicted before the justice and took his appeal to the Circuit Court where he was again convicted and he now appeals to this court, and asks for a reversal of the judgment.

There is no denial on the part of appellant of the charge that he fenced up and closed what is claimed by appellee to be a street in the city; but he denies that there is any street there.   The existence or non-existence of the street is the only question involved in this appeal, and upon that question we have no doubt but that the street did exist.

The defense insists there never was any dedication of the streets to the city. But the proof shows that Mosher and Dent about twenty years ago laid out the ground in dispute into lots, and blocks, streets and alleys, properly made and recorded it, but neglected to acknowledge the plat. The very fact of so making such plat and dividing the land into lots, blocks, streets and alleys, and recording it, was of itself a dedication to the public use of the streets and alleys; whether it was a statutory or common law dedication is wholly immaterial. The proof is clear, that the city accepted the plat and dedication with all its streets and alleys. The city did work on the street in question and other streets in the same addition; Mosher and Dent acknowledged and treated them as streets; property was sold and described by lots and blocks according to said plat; sewers were put in some of the streets. others worked and graded; some of the streets in that addition have been in constant use by the public; city officers have been elected from that addition. The evidence was full and ample to show corporate acceptance and control of the streets and alleys dedicated to the public by Mosher and Dent under this plat. The city was not bound to open, grade and work all the streets and alleys in this addition at once in order to maintain their public character, and keep them in existence for public use when needed.

Nor was the city bound to produce the certificate of publication of the ordinance twenty years ago, showing an extension of the boundaries of the city. That fact might be shown by parol if necessary; but that question could not arise in this suit. The city was not bound to prove its corporate existence. It was sufficient to prove the trespass and then to prove that it was committed within the corporate limits of the city, and that the obstruction was across a public street. All this we think was sufficiently proven; and finding no error in the record the judgment is affirmed.

*Judgment affirmed.*