DARLING & COMPANY, Appellant, vs. FOLLETT FARMS, INC., Respondent.

*January 10—February 5, 1935.*

*W. E. Atwell* of Stevens Point, for the appellant.

For the respondent there was a brief by *E. F. Kileen* of Wautoma, attorney, and *Thompsons, Gruenewald & Frye* of Oshkosh of counsel, and oral argument by *Mr. Kileen* and *Miss Miriam L. Frye.*

ROSENBERRY, C. J. The trial court found that the plaintiff through its officers had actual knowledge that Altana Starks was the wife of Jerome Starks and that Altana Starks and Mrs. Jerome Starks were one and the same person and had full knowledge at all times of her identity. Upon this finding the trial court concluded that at the time the plaintiff took title to the premises it was affected with notice of the fact that the judgment in favor of The People's Bank was a

lien upon the premises described in the complaint. It is the contention of the plaintiff that the judgment in favor of The People's Bank being docketed against Jerome Starks and Mrs. Jerome Starks was not constructive notice to the plaintiff of the existence and lien of the judgment docketed against Altana Starks. Plaintiff's position upon this proposition is sound if the plaintiff in fact had no knowledge of the identity of Mrs. Jerome Starks and Altana Starks. If the plaintiff or its officers had knowledge of the identity of the parties, the position of the plaintiff cannot be sustained.

"The knowledge of an agent who acquires property for his principal affects the interests of his principal in the subject matter to the same extent as if the principal had acquired it with the same knowledge, except where the agent is privileged, as stated in § 281, or a change in conditions makes it inequitable thus to affect the principal." Restatement, Agency, § 274; *Poulos v. Lyman Brothers Co.* 63 Mont. 561, 208 Pac. 598; *McDonnell v. Winthrop State Bank,* 179 Iowa, 551, 160 N. W. 209.

Plaintiff, however, relies upon *Bartz v. Paff,* 95 Wis. 95, 69 N. W. 297. In that case Paff had contracted to sell to Paulus certain land, the legal title of which stood in plaintiff. At the request of Paulus, plaintiff conveyed to Lemke, who paid the purchase-price, which plaintiff turned over to Paulus. At the time of the conveyance to Lemke, there was docketed a judgment in favor of Bartz against Paulus. The court found that Lemke purchased and paid for the land without notice that Paulus had any interest therein, and in good faith believed that the land belonged to Paff, and took title from plaintiff discharged from the lien of the judgment, but the court said:

"Paulus being the equitable owner of the land, the judgment against him attached as a lien on such interest, good as against all persons except purchasers in good faith without notice, as soon as the same was docketed in Marathon county."

This language is plainly open to the inference that if Lemke had knowledge of Paulus' interest in the land, the result would have been otherwise.

The finding of the trial court that Lockwood, who conducted the transactions on behalf of the plaintiff, had knowledge of the identity in person of Mrs. Jerome Starks and Altana Starks is well supported by the evidence. His knowledge was the knowledge of the company; therefore when the plaintiff took title, it took it with knowledge of the fact that a judgment against Mrs. Jerome Starks was a judgment against Altana Starks, and therefore took it subject to the lien of the judgment. This is decisive of the case, and we need not consider other questions raised and discussed in briefs of counsel.

*By the Court.*—Judgment affirmed.