LAKE BEULAH PROTECTIVE & IMPROVEMENT ASSOCIATION and others, Respondents, vs. CHRISTENSON, Appellant.*

*March 6—April 3, 1956.*

* Motion for rehearing denied, with $25 costs, on June 5, 1956.

For the appellant there was a brief by *Drought, Grootemaat & Cook* of Milwaukee, and oral argument by *Robert E. Cook.*

For the respondents there was a brief and oral argument by *Charles E. Wilson* of Elkhorn.

MARTIN, J.   It is first contended that the trial court erred in holding the old road a private road, and we agree.

The original plat of Wilmer Grove Beach shows the lots of the plaintiffs extending from the north line of the old road to the lake. They purchased these lots by lot and block number. Plaintiffs contend that the road was platted by Leach as a private road for the use of the lot owners in the subdivision and that it never became a public road, first, because the town never accepted it as a public highway, and, second, because any use of the road by others than the lot owners has been a permissive, not an adverse, user.

As stated in *Galewski v. Noe* (1954), 266 Wis. 7, 12, 62 N. W. (2d) 703, this court follows the general rule that:

" 'The essential requisites of a valid common-law dedication are that there must be an intent to dedicate on the part of the owner and an acceptance of the dedication by the proper public authorities *or by general public user.'*

"Dedications or offers thereof need not be in writing, nor in any particular form. The intention of the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedication." (Emphasis ours.)

The evidence shows that there was an intention to dedicate on the part of the owner in this case. In the original plat offered for approval by the town board the road was not marked "private" as required by sec. 236.04 (9), Stats., and it is a valid presumption that the platter intended a dedication.* That the town board so understood it is indicated by the indorsement on the plat of its refusal to maintain any streets or alleys therein. There is no showing that the offer was thereafter withdrawn. We must hold there was a continuing offer to dedicate; there is no evidence to the contrary.

It is true that there has not been an acceptance by the town. If there were, the town would be liable for the maintenance of the road. The record shows, however, that there has been an acceptance by public user. The road was never posted as a private road; no gates or barricades were ever erected to keep the public out. The evidence shows that it was freely used by the public without objection for twenty-seven years before this action was brought. Plaintiffs argue that there was no duty on the lot owners to object to the use of the road by any traveler. It is significant that in 1953 a number of lot owners petitioned the town board to take over and maintain the road as a town road. This would indicate that they considered its use by the public sufficient to warrant its maintenance by the town as a public road.

Two questions are involved as to whether the contemplated use by defendant of lots 41, 42, and 43 in Wilmer Grove Beach violates the covenant that property in the subdivision be restricted to residential use. In the Clearview plat defendant has laid out as a public road a strip of land running north from the old road to the lake over lot 43 and part of lot 42. We consider the question whether such use violates

* See post, p. 498a. REPORTER.

the restriction is decided by the holding in *Threedy v. Brennan* (7th Cir. 1942), 131 Fed. (2d) 488. In that case the court had before it the "Lake Geneva Restrictive Agreement" for the benefit, improvement, and maintenance of certain lake property in this state as "first-class residential property." It held that the use of a "Beach" area for public access to the lake, not being specifically prohibited, was not inconsistent with the restrictive covenant, and stated that the provision for access to the lake, as well as the roadways through the platted ground, made the whole property more desirable as residential property. Further, to hold that "Oak Ridge avenue" through the lots here in question does not violate the restriction of residential use is entirely in accord with the public policy of Wisconsin to provide access for the public to the waters of the state. See sec. 236.04 (14), Stats.

As to the dedication of the remainder of block 3 of Clearview as a place for the launching, dry-docking, and maintenance of boats, we must affirm the trial court in holding such use to be violative of the restriction. Defendant attempts to make a distinction between residential purposes in cities and residential purposes in a lakeshore area. Whatever merit there may be in the argument that residential use of lake property naturally includes boating, fishing, etc., it cannot be stretched to show that the use of property exclusively for the launching and storage of watercraft is a residential use. There is nothing residential about such use, and it could well depreciate the value of the surrounding property. Moreover, the property here in question is located within a district designated as residential by the zoning ordinance of the town. The proposed use of defendant's premises as a boat-launching and storage site is not a use which is permitted under the ordinance.

*By the Court.*—So far as the judgment enjoins the use of that portion of defendant's lots in Wilmer Grove Beach subdivision for the launching, dry-docking, maintenance, and

use of boats, watercraft, or vessels, as so dedicated in the plat of Clearview subdivision, the judgment is affirmed; the remaining portions of the judgment are reversed. The cause is remanded with instructions to enter judgment consistent with this decision. The parties to pay their own costs; appellant to pay clerk's fees.

The following memorandum was filed June 5, 1956:

MARTIN, J. (*on motion for rehearing*).  In the opinion in this case, ante, p. 497, 76 N. W. (2d) 276, this court said:

"In the original plat offered for approval by the town board the road was not marked 'private' as required by sec. 236.04 (9), Stats., and it is a valid presumption that the platter intended a dedication."

We withdraw the above statement from the opinion. It has been called to our attention that sec. 236.04 (9), Stats., was not in the statutes at the time the Wilmer Grove Beach plat was offered to the town board for approval.

There is no evidence, however, that the road was ever intended to be private. It may be reiterated that all the evidence points to the fact that it was freely used by the public for twenty-seven years. During none of that time was such use objected to or restricted in any way.

*By the Court.*—Motion for rehearing denied.