DeByle and wife, Respondents, vs. Roberts and wife, Appellants.*

*October 9—November 7, 1956.*

* Motion for rehearing denied, with $25 costs, on January 7, 1957.

For the appellants there were briefs by *Hebert & Smith* of Tomahawk, and oral argument by *Robert G. Hebert*.

For the respondents there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye*.

BROADFOOT, J.   We agree with the trial court that Eugene Olszewski, by selling with reference to maps and drawings

and by reason of the representations he made that parcel C was and would remain a road, had evidenced an intention to dedicate the same for public use as a road and that it was accepted by public user thereof. Under these findings there was a common-law dedication and acceptance of parcel C as a roadway. See *Lake Beulah Protective & Imp. Asso. v. Christenson,* 272 Wis. 493, 76 N. W. (2d) 276, 77 N. W. (2d) 514; *Galewski v. Noe,* 266 Wis. 7, 62 N. W. (2d) 703, and earlier cases therein referred to.

We cannot agree with the trial judge that Mrs. Olszewski is not bound by the representations so made. That determination is against the great weight and clear preponderance of the evidence. We conclude from the record that Mr. Olszewski was the apparent agent of his wife and that she is bound by his acts. It is apparent from the record that she left the negotiations for the sale of their property, which was jointly owned, to her husband. So far as the record discloses he conducted all negotiations for the sale of the different lots, including those purchased by the plaintiffs and those purchased by the defendants. After the sales were arranged for by her husband she signed the necessary documents of conveyance. Down payments were made to the husband without objection, so far as the record discloses, on the part of the wife. She signed the deed to the plaintiffs which provided that rights of ingress and egress would be furnished by a road to be established from U. S. Highway 51. These various documents were recorded and thus the public had notice thereof.

The Wisconsin rule in cases of apparent authority of an agent is stated in *McDermott v. Jackson,* 97 Wis. 64, 73, 72 N. W. 375, as follows:

"If a third person, because of appearances for which the principal was responsible, believes and has reasonable ground to believe that the agent possessed power to act for the principal in the particular transaction, if such third person was,

in the exercise of reasonable prudence, justified in believing that the agent possessed the necessary authority, then the principal is responsible to such third person the same as if the agent possessed all the power he assumed to possess."

That quotation was cited with approval in *Voell v. Klein,* 184 Wis. 620, 622, 200 N. W. 364.

Restatement, 1 Agency, p. 65, sec. 22, states the rule as follows:

"*b*. Neither husband nor wife by virtue of the relationship has power to act as agent for the other. The relationship is of such a nature, however, that circumstances which in the case of strangers would not indicate the creation of authority or apparent authority may indicate it in the case of husband or wife. Thus, a husband habitually permitted by his wife to attend to some of her business matters may be found to have authority to transact all her business affairs."

This rule, when applied to the circumstances in this case, requires finding that Mr. Olszewski had apparent authority to conduct the sale of their jointly owned property and that she was bound by his acts and representations. Therefore it follows that there was a proper common-law dedication and acceptance of parcel C as a roadway; that the plaintiffs had knowledge thereof and are estopped to deny the existence of the roadway. This necessitates a reversal of the judgment.

Objection was made by the plaintiffs to the competency of the defendants and some of their witnesses to testify to conversations and transactions with Eugene Olszewski on the ground that he was deceased. At the time the objections were made the plaintiffs had no satisfactory proofs of death to offer. The trial court took the testimony subject to the objections and later determined that from the entire record such testimony was competent. It would unduly prolong this opinion to review the entire record in that regard and we merely state that a study thereof convinces us that the trial court was correct in so ruling, in view of the record before us.

*By the Court.*—Judgment reversed. Cause remanded, with directions to enter judgment dismissing the complaint of the plaintiffs and granting the relief sought by the defendants in their counterclaim.

The following opinion was filed January 7, 1957:

BROADFOOT, J. (*on motion for rehearing*). Plaintiffs contend that the mandate following the opinion herein is not clear where it directs that the judgment to be entered grant the relief sought by the defendants in their counterclaim Prayer for judgment in the counterclaim was in the alternative and each item thereof cannot be granted. For the purpose of clarification the original mandate is withdrawn and the following is substituted therefor:

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment (1) dismissing the complaint; and (2) declaring that plaintiffs are the owners of the real estate referred to as parcel C in the pleadings and in the opinion, subject to the right of the public to use the same as a road.