PYTER, Appellant, v. KRAMP CONSTRUCTION COMPANY, Respondent.

*November 3—November 28, 1961.*

161

For the appellant there was a brief by *Roman H. Papka* and *Kersten & McKinnon,* all of Milwaukee, and oral argument by *Kenan J. Kersten.*

For the respondent there was a brief by *Bloomquist & Lemke,* attorneys, and *C. Donald Straub* of counsel, all of Milwaukee, and oral argument by *Mr. Straub.*

FAIRCHILD, J. Plaintiff does not contend here that Klemm was one of the persons designated by statute to receive service binding on the corporation.[1]

Plaintiff does argue that he is entitled to a one-year extension of the period of limitations and that Klemm had apparent authority to accept service.

[1] Sec. 262.09 (1), (3), Stats. 1957.

1. *Extension of period of limitations.* Plaintiff contends that Klemm knowingly gave false information to the process server, Frank Hillus, with intent to mislead him in the service of process, and that plaintiff is therefore entitled to a one-year extension of the statute of limitations under sec. 330.14, which provides as follows:

"The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued except that the period shall not be considered to have expired when the court before which the action is pending shall be satisfied that the person originally served knowingly gave false information to the officer with intent to mislead him in the performance of his duty in the service of any summons or civil process. In the event the court so finds the period of limitation shall be extended for one year."

We find no record of any motion by plaintiff to extend the period of limitation, nor does the order appealed from contain a denial of such motion, except by implication. The court did, however, find in the memorandum decision that Klemm did not intend to mislead the deputy sheriff.

Plaintiff asks us to determine that the deputy sheriff's testimony is more credible than that of the Klemms. There is no basis upon which we could make that determination. We think it readily apparent from the foregoing statement of facts that the finding referred to is not contrary to the great weight and clear preponderance of the evidence, and we therefore treat it as a verity.[2] Thus plaintiff did not make out a case for an extension of time.

2. *Apparent authority of Klemm.* Plaintiff next contends that by retaining the name K & N and by retaining Klemm in its employ, the corporation cloaked him with the apparent authority of an officer of the corporation.

---

[2] *Estate of Kaiman* (1961), 13 Wis. (2d) 201, 108 N. W. (2d) 379.

This court has held:

" 'If a third person, because of appearances for which the principal was responsible, believes and has reasonable ground to believe that the agent possessed power to act for the principal in the particular transaction, if such third person was, in the exercise of reasonable prudence, justified in believing that the agent possessed the necessary authority, then the principal is responsible to such third person the same as if the agent possessed all the power he assumed to possess.' " [3]

At the time of the service of process the business office of the corporation was no longer located in Edward's home. The new address was carried on the letterheads and invoices of the corporation. When the change of address took place the corporation so informed its customers. When others were elected officers and directors of the corporation, a report was filed with the secretary of state setting forth the names and addresses of the new officers and directors, pursuant to sec. 180.795 (2), Stats.

Further, according to Edward's testimony, he informed the deputy sheriff that he had sold out his interest in the corporation. Hillus admitted that Klemm said that he was no longer an officer.

In view of all these circumstances, we cannot conclude that the retention of the old name and continued employment of Klemm as a crane operator in charge of the work at the gravel pit gave reasonable ground to believe that Klemm had such authority as would constitute service on him service on the corporation.

*By the Court.*—Order affirmed.

[3] *Commonwealth Telephone Co. v. Paley* (1931), 203 Wis. 447, 450, 233 N. W. 619; *DeByle v. Roberts* (1956), 273 Wis. 648, 79 N. W. (2d) 115; *Idzik v. Reddick* (1960), 10 Wis. (2d) 547, 103 N. W. (2d) 300.