Poff and wife, Appellants, v. Lockhart and others, Respondents.

*October 31—November 26, 1963.*

576

577

For the appellants there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Jacob Geffs.*

For the respondents there was a brief by *Gerald W. Noll* of Beloit, for the Lockharts, Rigginses, and Osborns, and by *W. A. Bolgrien,* city attorney of the city of Beloit, and oral argument by *Mr. Noll.*

BROWN, C. J.   The question raised on appeal is whether the southeasterly Cleora drive, as shown by Shimeall's map, can be counted as within the 2,650 feet contemplated by sec. 66.296 (1), Stats.

That portion of Cleora drive lying northwest of lot 310 between Burton and Frederick streets was vacated by a petition filed pursuant to sec. 66.296 (1), Stats., which provides:

"DISCONTINUANCE OF STREETS AND ALLEYS. (1) The whole or any part of any road, street, slip, pier, lane or alley, in any city of the second, third or fourth class or in any incorporated village, may be discontinued by the common council or village board upon the written petition of the owners of all the frontage of the lots and lands abutting upon the portion thereof sought to be discontinued, and of the owners of more than one-third of the frontage of the lots and lands abutting on that portion of the remainder thereof which lies within 2,650 feet of the ends of the portion to be discontinued, or lies within so much of that 2,650 feet as shall be within the corporate limits of the city or village. The beginning and ending of an alley shall be deemed to be within the block in which it is located."

Appellants assert that the petition was insufficient because it did not contain the requisite number of landowners fronting on Cleora drive within 2,650 feet of the ends of the portion to be discontinued and, therefore, the resolution based on it was void. The record shows that the petition was not signed by any owners of lots fronting on the street called

Cleora drive lying southeast, of that portion to be discontinued. From the map in the record, it appears that this Cleora drive is separated from the other Cleora drive by about 1,000 feet of land, which land belongs to appellants and is part of Poff's Fourth Sun Valley.

The question is whether when Cleora drive, proceeding southeasterly, encounters lot 310, it expires and ceases to exist, or whether on lot 310's opposite side, 1,000 feet away, Cleora drive experiences a resurrection and resumes its original existence and identity. If we adopt the second alternative, appellants have sufficient lot frontage on Cleora drive southeast of the gap to prevent, by withholding consent, the vacation now at issue. On the other hand, there has been no continuation of Cleora drive across lot 310. The official map of 1959 indicates a section of highway proposed to carry Cleora drive across lot 310,—an "if, when and maybe" declaration of city intention. Appellants disregarded the map when in 1962 they obtained approval of a plat of their land without providing for such link connecting the two ends of the two Cleora drives. Though appellants contend now that it was always their intention to make one continuous street of Cleora drive as suggested by the official map, their conduct in filing their 1962 plat without provision consistent with such an alleged intention seriously detracts from the strength of that argument.

The construction of the term "street" is necessary in order to determine whether the southeast portion of Cleora drive is part of the street of which a portion is to be discontinued. The term generally means a public way used for purposes of travel. *Wray v. Norfolk & W. R. Co.* (1950), 191 Va. 212, 61 S. E. (2d) 65. To be part of the same street, then, is to be part of the same public way. Streets are connected with each other and form a network of public ways, yet individual streets as such are identifiable from each other because they

are distinct public ways. Streets are named for convenience in locating them. 10 McQuillin, Mun. Corp. (3d ed.), pp. 550, 551, sec. 30.14. Street names are not conclusive in identifying two public ways as the same street. Unless the two public ways named Cleora drive are one continuous public route of travel, it is evident that they should be identified as separate and distinct public ways although having the same name. Therefore, the ordinary meaning of the term "street" as contemplated by sec. 66.296, Stats., does not include that Cleora drive lying southeast of the portion to be discontinued if the former is not part of the same public way as the latter.

The placing of Cleora drive on the official map as a proposed, tentative, future, continuous public way did not constitute the establishment of any street or the taking or acceptance of the land between the two public ways. Sec. 62.23 (6) (b), Stats., provides:

". . . The placing of any street, highway, parkway, park or playground line or lines upon the official map shall not in and of itself constitute or be deemed to constitute the opening or establishment of any street, . . . or the taking or acceptance of any land for such purposes."

Appellants rely on *Johnston v. Lonstorf* (1906), 128 Wis. 17, 107 N. W. 459, for support of their contention that the term "street" in sec. 66.296, Stats., does not mean continuous public way. In that case we held that although a portion of an alley was a *cul-de-sac* it did not prevent it from being part of a public way. This case does not support appellants' contention because that portion of the public alley constituting the *cul-de-sac* was not separated from the other portion of the alley but was connected to it to form one continuous public way.

We conclude, when sec. 66.296, Stats., speaks of the requirement that a petition to vacate a street needs to be sub-

mitted by owners of more than one third of the frontage of the lots and lands abutting on that portion of the remainder lying within 2,650 feet of the ends of the portion to be discontinued, they must be the owners of lands abutting on the same street to be discontinued. In our view, the Cleora drives lying on opposite sides of lot 310 and 1,000 feet apart cannot properly be considered to be one street. The Cleora drive lying southeast of lot 310 is a separate street and lots fronting on it cannot be included in the 2,650 feet specified in the statute.

The record shows that the petition was signed by the owners of more than one third of the frontage of the lots and lands abutting on the Cleora drive northwest of the interruption and within the 2,650 feet of the ends of the portion to be discontinued. The petition filed with the Beloit city council complied with the ownership requirement of the statute, and the resolution of the city council discontinuing Cleora drive between Burton and Frederick streets is valid. Summary judgment was properly granted in favor of respondents.

*By the Court.*—Judgment affirmed.