IN RE: APPLICATION OF K.G.R. PARTNERSHIP SEEKING VACATION OF the DEDICATION OF a PART OF OAK RIDGE AVENUE, a PORTION OF the PLAT OF the CLEARVIEW SUBDIVISION,

K.G.R. PARTNERSHIP, Petitioner-Appellant-Cross Respondent,†

v.

TOWN OF EAST TROY, Respondent-Respondent-Cross Appellant.

Court of Appeals

*No. 93–3155. Submitted on briefs July 27, 1994.—Decided September 7, 1994.*

(Also reported in 523 N.W.2d 120.)

†Petition to review denied.

On behalf of the petitioner-appellant-cross respondent, the cause was submitted on the briefs of *Chris J. Trebatoski* of *Michael, Best & Friedrich* of Milwaukee.

On behalf of the respondent-respondent-cross appellant, the cause was submitted on the briefs of *Patrick J. Hudec* and *Kimberly S. Allegretti* of *Hudec Law Offices, S.C.* of East Troy.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. K.G.R., a partnership engaged in real estate development, appeals from a judgment denying its petition to vacate a part of Oak Ridge Avenue dedicated to the Town of East Troy as a public access to Lake Beulah. Because we conclude that the Town's improvement of the fifty-foot strip of Oak Ridge

Avenue as a public walkway providing access to the shores of Lake Beulah meets the requirements of § 236.43, STATS., the spirit of the plat and the intent of the original landowner, we affirm.

The Town cross-appeals from the trial court's finding of fact that there is sufficient public access to Lake Beulah. Because we affirm the trial court's dismissal of the petition to vacate this portion of Oak Ridge Avenue, we do not consider the cross-appeal.

This case arises out of a dispute over the partial development of a piece of land in Clearview Subdivision located near Lake Beulah in the Town of East Troy. The plat of Clearview Subdivision was recorded in Walworth County on May 28, 1953. Clearview Subdivision consists of three blocks of land. As part of the plat, Oak Ridge Avenue was created. The portion of Oak Ridge Avenue at issue in this appeal is a fifty-foot strip of property which runs perpendicularly to Wilmer Grove Drive and terminates at the shores of Lake Beulah. This portion of Oak Ridge Avenue is not traversable by car.

In 1966, a portion of the Clearview Subdivision known as Block 3 was dedicated to the Town to be developed for public use and enjoyment. In 1990, the Town attempted to formally accept Block 3 to be used as a nature park.[1] The portion of Oak Ridge Avenue adjacent to Block 3 allows the public to access Lake

[1] In *K.G.R. v. Town of East Troy*, 182 Wis. 2d 215, 513 N.W.2d 622 (Ct. App. 1994), *petition for review granted*, (Apr. 12, 1994), K.G.R. and the Town disputed the ownership of Block 3. This court ruled that the death of the original landowner prior to the acceptance of the dedication of the park revoked the dedication, and the ownership of Block 3 reverted to the successors in interest of the original landowner. *Id.* at 224, 513 N.W.2d at 627. *See generally Lake Beulah Protective & Improvement*

380

Beulah as well as the East Troy Nature Park. Since the fall of 1992, the Town has expended resources to improve the dedicated portion of Oak Ridge Avenue for public use as a walkway from Wilmer Grove Drive to Lake Beulah.

On June 30, 1993, K.G.R. sought a court order to vacate this portion of Oak Ridge Avenue, claiming that it had not been "improved" as a "street" for public use pursuant to §§ 236.40-.43, STATS. The Town opposed the petition to vacate on August 2, 1993, claiming, among other things, that "[d]uring the Fall of 1992, the Town opened Oak Ridge Avenue, expended monies to improve Oak Ridge Avenue and currently maintains Oak Ridge Avenue for public use." Following a one day bench trial, the trial court issued a written decision holding that the improvements to Oak Ridge Avenue were sufficient to constitute improvement as an "other public way" under § 236.43, and that such improvements met the spirit of the plat and the statute despite the fact that Oak Ridge Avenue is clearly labeled a street on the original 1953 plat. On November 19, 1993, the trial court entered a judgment dismissing K.G.R.'s petition to vacate.

K.G.R. appeals from the portion of the judgment dismissing its petition to vacate a portion of Oak Ridge Avenue. The Town cross-appeals from the portion of the judgment finding that there is sufficient public access to Lake Beulah.

The trial court's findings of fact are not in dispute. Rather, K.G.R. appeals the trial court's legal conclusion that the improvement of Oak Ridge Avenue as a public access walkway constitutes an improvement as a street or other public way. Section 236.43(1)(b),

_Ass'n v. Christenson_, 272 Wis. 493, 76 N.W.2d 276 (1956) (stating further factual history related to the disputed property).

STATS. We must decide whether the improvement of the fifty-foot strip of land as a public access to Lake Beulah meets the requirements of § 236.43, the spirit of the plat and the intent of the original landowner.

Section 236.43, STATS., provides:

**Vacation or alteration of areas dedicated to the public.** Parts of a plat dedicated to and accepted by the public for public use may be vacated or altered as follows:

**(1)** The court may vacate streets or other public ways on a plat if:

(a) The plat was recorded more than 40 years previous to the filing of the application for vacation or alteration; and

(b) During all that period the areas dedicated for streets or other public ways were not improved as streets or other public ways; and

(c) Those areas are not necessary to reach other platted property; and

(d) All the owners of all the land in the plat or part thereof sought to be vacated have joined in the application for vacation.

The trial court ruled that ¶¶ (1)(a), (1)(c) and (1)(d) have been satisfied. Paragraph (1)(b) is the only portion of § 236.43 at issue in this appeal.

When we are called upon to apply a statute to a set of facts and the facts are undisputed, only questions of law remain, which we determine de novo. *First Nat'l Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). In applying § 236.43(1)(b), STATS., to the facts presented in this appeal, we must interpret the meaning of the statute and determine whether land dedicated as a street can be improved as an "other public way." A question as to the meaning of a

statute is a question of law which we review de novo. *J.A.L. v. State*, 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991).

Our purpose in interpreting § 236.43, STATS., is to honor the intent of the legislature, with the plain language of the statute acting as our primary guide. *See Georgina G. v. Terry M.*, 184 Wis. 2d 492, 507, 516 N.W.2d 678, 682 (1994). If the language clearly and unambiguously sets forth the legislative intent, this court is prohibited from examining other aids, such as the statute's history, context and subject matter, to ascertain the statute's meaning. *J.A.L.*, 162 Wis. 2d at 962-63, 471 N.W.2d at 502.

K.G.R. contends that we should interpret the plat and § 236.43, STATS., narrowly to mean that land dedicated as a "street" can only be improved as a "street" and never as an "other public way." K.G.R. asserts that under the law of dedication, "land which is dedicated for a specific purpose can only be used for the purpose which is identified." Therefore, K.G.R. contends that any improvements made to the dedicated land must be made with the goal of achieving the strict guidelines for street construction.

We disagree with K.G.R. and decline to accept its rigid interpretation of § 236.43, STATS. Although the 1953 plat contains a dedication of Oak Ridge Avenue as a "street," we conclude that an improvement of the fifty-foot strip as *either* a street *or* as an other public way would meet the requirements of § 236.43. "The purpose of dedicating streets and highways for public use is to permit travel thereover. The means by which travel is effected is secondary, the purpose is primary." *Chicago & Milwaukee Elec. Ry. Co. v. Public Serv.*

*Comm'n,* 254 Wis. 551, 558, 37 N.W.2d 42, 46 (1949) (quoted source omitted). The Wisconsin Legislature has not defined the word "street" or the phrase "other public ways" within the context of § 236.43. The Wisconsin Supreme Court has defined the term "street" to generally mean "a public way used for purposes of travel." *Poff v. Lockhart,* 21 Wis. 2d 575, 580, 124 N.W.2d 636, 639 (1963).

■ We conclude that § 236.43, STATS., is not ambiguous. Section 236.43(1)(b) clearly states that land dedicated as a street or as an other public way must be improved as a street *or* as an other public way in order to satisfy the requirements of the statute. Section 236.43 does not require that land dedicated as a street must be improved only as a street and never as an other public way. Because the statutory language does not explicitly state that the word, "street," and the phrase, "other public ways," are exclusive of one another, we decline to read this into the plain language of the statute.

■ K.G.R. also argues that the two terms should retain their separate meanings or else "the general term 'other public ways' would totally usurp the specific term 'street' " and thereby render the word "street" meaningless. *See Village of Menomonee Falls v. Michelson,* 104 Wis. 2d 137, 151, 311 N.W.2d 658, 665 (Ct. App. 1981). ("[A] basic rule of statutory construction is to avoid such a construction as would result in any portion of the statute being superfluous.") We disagree with K.G.R.'s construction of this statute and employ the doctrine of *ejusdem generis* to address its argument. 2A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 47.17 (5th ed. 1992).

384

> The doctrine of ejusdem generis is an attempt to reconcile an incompatibility between specific and general words . . . .. If the general words are given their full and natural meaning, they would include the objects designated by the specific words making the latter superfluous.. . . The rule "accomplishes the purpose of giving effect to both the particular and the general words, by treating the particular words as indicating the class, and the general words as extending the provisions of the statute to everything embraced in that class, though not specifically named by the particular words."

*Id.* (footnotes omitted). We construe the language referring to the term "street" not as a limitation on how dedicated land can be improved, but rather as simply one specific example of the general category "public ways." We conclude that our reading of § 236.43, STATS., renders no words meaningless.

We next address whether the Town has "improved" Oak Ridge Avenue as a "street" or as an "other public way" in order to satisfy the requirements of § 236.43(1)(b), STATS. Just as the Wisconsin Legislature has not defined the word, "streets," or the phrase, "other public ways," within the context of § 236.43, neither has it defined the term "improved." We conclude that a public walkway which is cleared and maintained in a manner conducive to pedestrian travel would constitute an other public way "improved" according to § 236.43.

In the present case, the Town entered into a contract to lay wood chips, boards and steps, if necessary.[2]

---

[2] In the fall of 1992, the Town entered into a "bid-type" contract where a landscaping company would clear out brush

It "improved" Oak Ridge Avenue by clearing brush and other obstructions, with the idea of creating a pedestrian path for public access to Lake Beulah. The Town also provided for maintenance of the path and had plans for future improvements. We conclude that the improvements made to Oak Ridge Avenue constitute an improvement of the dedicated land as an "other public way," thereby satisfying § 236.43(1)(b), STATS.

■■■

Prior case law shows that the primary purpose of the 1953 dedication of Oak Ridge Avenue as a "street" was to provide the public with access to Lake Beulah. "In the Clearview plat defendant has laid out as a *public* road a strip of land running north from the old road to the lake over lot 43 and part of lot 42." *Lake Beulah Protective & Improvement Ass'n v. Christenson*, 272 Wis. 493, 497, 76 N.W.2d 276, 278 (1956) (emphasis added). One of the issues before the court in *Lake Beulah* was whether the use of the portion of Oak Ridge Avenue as a public road would violate the covenant that the subdivision be restricted to residential use. The court concluded that Oak Ridge Avenue "does not violate the restriction of residential use [and] is entirely in accord with the public policy of Wisconsin to provide access for the public to the waters of the state." *Id.* at 498, 76 N.W.2d at 278. The Town's improvement of the land as a public walkway fulfills the spirit of the plat and the intent of the original landowner. To

---

and other obstacles along the fifty-foot strip between Wilmer Grove Drive and Lake Beulah. This work was completed in approximately December of 1992 and January of 1993. The Town also entered into another landscaping contract in March of 1993 to lay boards and wood chips along the cleared path and install steps, if necessary. This contract has been put on hold until the parties' dispute is resolved.

require the Town to improve the land as a street only would run contrary to the primary purpose of the dedication.

At trial, the Town raised an alternative method to deny the petition to vacate by arguing that there is not sufficient public access to the lake and, therefore, Oak Ridge Avenue should not be vacated. The trial court disagreed, finding that there is sufficient public access to Lake Beulah. Because we are affirming the trial court's dismissal of the petition to vacate Oak Ridge Avenue, we need not consider the Town's cross-appeal of this finding.

*By the Court.*—Judgment affirmed.