McCARTY ET UX. *v.* CITY OF FRANKFORT.

[No. 10,721. Filed January 5, 1921.]

1. DEDICATION. — *Streets.* — *Dedication Without Acceptance.* — Where an addition to a city or town is platted and laid out by a private person, or as a private enterprise, there must be an acceptance of the platted streets, as indicated on the plat, by the public, or by the proper town or city authorities, to constitute a dedication, but such rule does not apply to streets within towns laid out pursuant to statutory authority. p. 555.

2. DEDICATION.— *Streets.— Abandonment.— Failure of City to Use.*—The failure of a city to use or improve a public street for a period of thirty-eight years, *held* not to constitute an abandonment of the dedication. p. 557.

From Clinton Circuit Court; *James P. Wason,* Special Judge.

Action by the City of Frankfort against Milton T.

McCarty and wife.    From a judgment for plaintiff, the defendants appeal.    *Affirmed.*

*William Robison* and *O. E. Brumbaugh,* for appellants.

*Geddes Van Brunt* and *Russell P. Harker,* for appellee.

ENLOE, J.—The town, now city, of Frankfort was laid out, and the plat thereof duly acknowledged and recorded in the office of the recorder of Clinton county, Indiana, in July, 1830.    The county commissioners of said county had theretofore appointed one William Douglass as agent for said county, to lay out said town, and to lay off the same into town lots, streets and alleys. On June 9, 1830, the lands contained in the plat of the original town had been conveyed by the owners thereof "to Joseph Hill, John Douglass, and Mordecai McKinsey, commissioners of Clinton county, Indiana, and their successors in office, and assigns forever, in fee simple, for the purpose and in consideration that a town be platted and dedicated thereon, and the seat of justice located thereon."

The plat of said town, as laid out and prepared by said William Douglass, was duly acknowledged by said county commissioners, and at once recorded.    One of the streets shown on said plat was named and designated as Prairie street, and its width as shown on said plat, and stated in the field notes thereof, was sixty-six feet.    Said Prairie street is a street running north and south, and is one square east of the courthouse in said city.    The street, as to that part designated in said plat, has never been improved as a public highway for travel by vehicles.

Prairie branch, at the time said plat was made and recorded, was a crooked stream flowing through the eastern part of the lands so platted, and its course

crossed Prairie street at five different points within the limits of said plat. The town of Frankfort was incorporated as such in 1866, and in 1876 it was organized as a city. In 1881 the common council of the city caused Prairie branch to be straightened, and caused the same to flow, in a new channel prepared therefor, in a direct course northward in Prairie street, entirely across said original plat, and since said date the city has kept and maintained said watercourse as a public drain for surface and storm waters falling upon and accumulating upon the surface of the land, both east and west of said stream. The channel of said ditch is about fifty feet wide at the top, and is located along the center line of said Prairie street. The city of Frankfort had constructed in Prairie street a sanitary sewer, east of the west line of said street, which afforded sanitary drainage for the greater part of the city. The appellants are the owners of lot No. 64, as designated on said original plat, which lot is sixty-six feet in width east and west, 132½ feet in depth north and south, and which lot lies along the west side of said Prairie street, and has its frontage of sixty-six feet on Walnut street.

At the time of the commencement of this action the appellants had begun the construction of a building to be used for garage purposes, the east wall of said building being located on a line parallel to the east line of said lot No. 64, and nine feet east thereof, in said Prairie street. The wall was of concrete, and the building when completed would have encroached upon and occupied 1,188 square feet of said Prairie street. The said east wall of said building was partly completed, and this suit was brought to enjoin the appellants from completing their said building, and asking that that part already constructed in said street be ordered removed, as constituting a nuisance.

The complaint, which was in one paragraph, was an-

swered by appellants in two paragraphs, the first being a general denial, and the second alleged that neither the public nor the city of Frankfort ever worked or in any way improved said Prairie street; that the public never used said highway or traveled over the same; that said city by its officers and agents, more than thirty-eight years before, had established and constructed in said alleged street a creek or branch, as a public drain or watercourse, along and past where the alleged public highway abuts the property of these defendants; that said ditch so constructed is of the width of fifty feet; that bridges had been by said city built across said ditch, with concrete and stone abutments at each end of such bridges, which abutments project on each end of said bridges a distance of approximately eight feet; that by reason of the construction of said bridges and the abutments thereto, travel along said street by the public has been rendered impossible; that the building of said abutments by the city has forever destroyed said alleged street as a public highway for travel; that no person has ever built any building facing or fronting upon said alleged highway at any place throughout its entire course; that said alleged street does not furnish any way of egress and ingress to any property located along the same; that at no time since the alleged dedication thereof has said alleged street been used in any manner as a public highway; that said wall being erected by these defendants is located outside the line of said creek, as formed by the abutments, and that the wall will in no way obstruct the flow of water in said creek.

To this paragraph of answer the plaintiff filed its demurrer, with memorandum as required by statute, which demurrer was by the court sustained, and appellants excepted.

The cause was then submitted to the court for trial,

with a request that the court make a special finding of the facts and state its conclusions of law thereon, which was done. The conclusions of law stated were favorable to appellee, and were followed by a judgment in its favor.

The errors assigned and relied upon challenge (1) the action of the court in sustaining said demurrer to said paragraph of answer; and (2) the correctness of each of the conclusions of law.

It appears from the brief of the appellants that the trial court made twenty-one special findings of facts, upon which it based its conclusions of law. The appellants in their brief have set forth only the fourth, eighth, ninth, tenth, sixteenth, seventeenth, and twentieth findings, but appellee has supplied the deficiency by setting out the other findings, and we shall therefore consider all questions presented.

Substantially the same question is presented by each of said assigned errors. That question is, as stated by counsel for appellant, whether the strip of ground marked "Prairie street," on the original plat of the town of Frankfort, was, at the time of the commencement of this action in the lower court, a public street of the city of Frankfort, and as such under the control and supervision of the city.

The appellant insists that before there can be a dedication of a strip of ground as a public street of a town or city, by means of a plat made and recorded by 1. the owner of the land, there must be an acceptance of the platted street, as indicated and marked on the plat, by the public, or by the proper local town or city authorities. When an addition to a city or town is platted and laid out by a private person, or as a private enterprise, the proposition as stated by counsel for appellants holds good. Municipal corporations are exempt from having burdens thus thrust upon

them. The rule contended for, however, has no application to towns laid out pursuant to statutory authority, as in the case at bar. Common Council, etc. v. Croas (1855), 7 Ind. 9; West v. Blake (1836), 4 Blackf. 234.

In Reilly v. City of Racine (1881), 51 Wis. 526, 8 N. W. 417, the court said: "Where such dedication by a recorded plat or otherwise is made by a private owner of the land, it may be that an acceptance of such dedication by the public, or a user by the public, or an acceptance by some competent public authority for and on behalf of the public, is necessary. But where the state, by authority of law, makes a city plat of its own land, and thereby dedicates the streets and other public grounds marked thereon to the public use, the same high public authority that makes the dedication, by the same act accepts it on behalf of the public. The dedication and its acceptance are in the same public act. The proposition is self evident. This question disposed of, then all of the stated or assumed grounds of this action, except the vacation of this part of the street—adverse possession, statutory limitation, nonuser and equitable estoppel—are disposed of by the assertion of one principle, sound in reason as well as in law, and supported by the best authority, viz.: Until the time arrives when any street or part of a street is required for actual public use, and when the public authorities may be properly called upon to open it for the public use, no mere nonuser, of any length of time, will operate as an abandonment of it, and all persons in possession of it will be presumed to hold subject to the paramount right of the public. (Citing authorities.) If this principle is a sound one in relation to the plats of cities and villages in the old states of Connecticut and Massachusetts, it is especially well-grounded in reason in its application to the plats of western cities and villages, which must have a chance of growth commensurate with the

public necessity, which will not be lost by mere lapse of time within the above rule."

By §2, chapter 107, R. S. 1831 (Acts approved January, 21, 1818), it was provided:

"Every donation or grant to the public, or any individual or individuals, religious society or societies, or to any corporation or bodies politic, marked or noted as such on the plat of the town wherein such donation or grant may have been made, shall be considered to all intents and purposes, as a general warranty to the said donee or donees, grantee or grantees, for his, her, or their use for the purposes intended by the donor or donors, grantor or grantors aforesaid."

Appellants next insist that the facts as found by the court show that said street had been abandoned long before the commencement of this suit; that the facts set forth in said paragraph of answer were sufficient upon the theory of abandonment, and that therefore the court erred in sustaining said demurrer. In *Town of Lake View* v. *LeBahn* (1886), 120 Ill. 92, 9 N. E. 269, it was said:

"A municipality must be permitted to wait its reasonable time for opening and improving its public streets, as its own resources and the public need may allow and require, * * *." See, also, *Powell* v. *City of Gilman* (1890), 38 Ill. App. 611; *Griffin* v. *City of Olathe* (1890), 44 Kan. 342, 24 Pac. 470.

In *Mayor, etc.* v. *Frick* (1895), 82 Md. 77, 33 Atl. 435, it was said: "It was urged on the part of the landowners, that inasmuch as there has been neither acceptance nor user by the public, the dedication, if any, never became complete, and that this continued nonuser for twenty-five years amounts to and constitutes an abandonment. This view, however, is not consistent with what was said by this court in *McCormic's case, supra;* (45 Md. 527.) Alvey, former Chief Judge, de-

558 APPELLATE COURT OF INDIANA,

livering the opinion: 'In the case of a clear act of dedication, as for a street, it is not essential to the validity of such act that the space thus dedicated should at once be used by the public for that purpose, or that it should be so used *within any limited time,* in the absence of any condition to that effect.' "

In the case of *Ice Company* v. *City* (1891), 43 La. Ann. 217, 9 South. 21, the court quotes with approval from the case of *Shea* v. *City of Ottawa* 67 Ia. 39, the following: " 'But it is urged that there was no acceptance of the dedication by the public or by the city for the public for more than thirty years after the dedication when the street was graded. It is shown that the street remained uninclosed; that the land was rough and hilly, and for that reason it was but little used by the public. It appears that when the wants of the public demanded it, the city proceeded to grade the street at the point in dispute.

'It would not do to hold that the only streets dedicated to the public over hilly, rough land would revert to the dedicator if they were not improved and' used by the public until the wants of the public travel demanded it. In some of the cities of this state there are streets in some portions thereof over which no vehicle or horse has passed, and yet they were dedicated more than thirty years ago. They have not been used because until graded they are incapable of use. The dedication will be presumed by the law to have contemplated this state of things and imposed no condition upon the public to use the street until the public wants demanded and secured this improvement.' "

In the case of *People* v. *Corn Products Co.* (1919), 286 Ill. 226, 121 N. E. 574, it was said: "The power of a city council to by ordinance authorize the use of public streets or parts thereof for private purposes has been uniformly denied by this court. The rule is well

settled that when a public street is once established all the beneficial uses vest in and devolve upon the public. These uses include the uninterrupted, unimpeded and unobstructed use of every portion and part of such public highway—not only that they may use all the ground for foundation to travel upon, but that they may likewise enjoy the uses of the air above and the ground beneath the surface."

See, also, Elliott, Roads and Streets (2d ed.) §§118, 119, 657.

We find no error in this record, and the judgment is therefore affirmed.