303 P.2d 531

**COUNTY OF YUMA, a body politic, et al.,
Appellant,**

**v.**

**Frank S. LEIDENDEKER, Appellee.**

**No. 6101.**

Supreme Court of Arizona.

Nov. 14, 1956.

Yuma County, and decreeing that appellant, Yuma County, has no right, title or interest therein.

The action was brought by Frank E. Leidendeker against Yuma County and other defendants who might have or claim to have an interest in Block 7 of "Thomas Addition to the City of Yuma", by virtue of a certain plat of record of said "addition", wherein it was recited that Block 7 was dedicated to the public use forever, for park and public building purposes. The case was submitted to the trial court on an agreed statement of facts. The purpose of the action was to secure an adjudication that the dedication was without effect or if once effective had been abandoned and that, as a consequence, all right, title and interest in Block 7 vested in the plaintiff as owner of record.

The essential stipulated facts are that on November 1, 1905, William Thomas was the owner in fee of the SE¼ of the NE¼ of Section 29, T. 8 S., R. 23 W., G. & S. R. B. & M. (forty acres), and on that date caused to be made a plat of this real property, subdividing it into blocks, streets and alleys. On November 11, 1905, this plat was recorded in the office of the county recorder of Yuma County as the Thomas Addition to the City of Yuma. The plat includes a reference to Block 7 of the subdivision, the property in controversy here, which reads as follows:

---

William W. Nabours, Yuma County Atty., F. Lewis Ingraham, Deputy County Atty., Yuma, for appellant.

Westover, Mansfield, Westover & Copple, Yuma, for appellee.

LA PRADE, Chief Justice.

This case presents an appeal from a judgment quieting title in appellee, Leidendeker, in and to certain property in

"* * * Block 7 as shown on said plat is hereby dedicated to public use forever, for park and public building purposes only."

Thomas Addition was not within or contiguous to the corporate limits of the City of Yuma at the time the plat was recorded. It is now contiguous to but not within the corporate limits. There is no record that the plat of Thomas Addition was submitted to the Common Council of the City of Yuma or that the plat was ever approved by that body prior to its recordation.

On December 23, 1905, William Thomas, without making any reference to the plat, and without any mention of his prior dedication, conveyed the forty acres to Charles W. Thomas. Approximately a year later Charles W. Thomas reconveyed the acreage to William Thomas without any reference to the plat and without any mention of the dedication. About three years later William Thomas conveyed Blocks Nos. 1 to 10, which constituted the entire forty acres, to William Preston Hill, and in the deed drawn in connection with that conveyance not only made reference to the plat but also referred to the dedications contained therein as follows:

"* * * subject to the dedications to the public made by the grantor herein, as shown by the aforesaid plat which is hereby referred to for further particulars. * * * *"

Since that date title to the south one-half of the subdivision, including Block 7, has passed by mesne conveyances to the appellee who acquired the property in 1946. In each of these conveyances the recitals in the deed made specific reference to the plat which was recorded by William Thomas. Since acquiring the property the appellee has sold lots in Blocks 9 and 10 of the subdivision with reference to the plat. Approximately twenty-four residences have been constructed upon lots within the subdivision as a whole. To date Block 7 has not been used for either park or public building purposes. No improvements have been made upon Block 7 since the date of the recorded plat, and the property is at the present time raw desert land, unleveled and covered only with desert foliage.

After filing the plat of the Thomas Addition, and up to and including the year 1927, Block 7 was not assessed to the name of the record owner and did not appear on the tax rolls of the County of Yuma. In the years 1928 and 1929 Block 7 was assessed in the name of the record owners, a valuation fixed, and taxes paid to the county treasurer. During the year 1930 and continuing to the present time Block 7 has appeared upon the tax rolls of the county and has appeared in the tax assessment of the record owner, but no valuation was fixed nor have any taxes been paid during this period.

The principal issues presented by this appeal are (1) whether any dedication of Block 7 ever became effective, and (2) if such dedication became effective has it been abandoned.

In 1905, when the plat which allegedly gave rise to the dedication was filed and recorded by William Thomas, there were several paragraphs of the 1901 Code applicable to dedications. These were paragraphs 607 through 612 (Sections 9–251, 2, 3, 4, A.R.S.1956), under Chapter 9, Title 11, designated "Cities and Towns", and paragraphs 4098 through 4103 (Section 9–1141, A.R.S.1956), under Title 70, designated "Townsites". Paragraph 607, under Title 11, reads in parts as follows:

"Whenever any city, town or village, or an addition to any city, town or village, shall be laid out, the proprietors of the city, town or village, or addition laid out, shall cause to be made an accurate plat or map thereof, setting forth: * * * streets, alleys, * * * parks, * * * lots * * blocks, * * *."

Paragraphs 608, 609 and 610 provide that the proprietor making such plat shall acknowledge the same and cause a copy thereof to be filed in the office of the county recorder; the duties of the county recorder with reference to such plats; and that the plat, when recorded, shall be received in evidence in all courts and places.

Paragraphs 611 and 612 provide as follows:

"611. Upon the filing of any such map or plat, the fee of all streets, alleys, avenues, highway, parks and other parcels of ground reserved therein to the use of the public, shall vest in such city or town, if incorporated, in trust, for the uses therein named and expressed; or if such town be not incorporated, then in the county until such town shall become incorporated, for the like uses.

"612. All additions to any city or town shall be surveyed and platted, and a map thereof be submitted to the common council; and such map shall not be filed and recorded, as provided in this article, until the same shall have been approved by said common council."

It is clear that paragraph 611 makes provision for a statutory dedication, and that paragraph 612 prescribes a formal requirement in effecting such dedication, namely, that the plat be approved by the common council as a condition precedent to recordation.

Paragraphs 4098 and 4099, under Title 70, supra, read as follows:

"4098. Each owner of any tract of land situated in any county of the Territory of Arizona, being desirous of platting or subdividing the same

into tracts of twenty (20) acres or less for the purpose of townsites, additions or subdivisions, shall first have the same surveyed and platted, showing lots, blocks, or subdivisions; giving size of each lot or subdivision, name and width of avenues and streets, also width of alleys. And the said owner shall by proper dedication dedicate the avenues, streets, parks, plazas, public grounds and alleys to the public for their general use, and shall sign said dedication and acknowledge the same as conveyances of real property, shall be acknowledged according to the laws of this territory.

"4099. When any such owner, proprietor or agent of any tract of land shall have platted and subdivided the same, as provided for in the preceding section, said maps, plats or survey shall be forthwith filed and recorded in the office of the county recorder of the county wherein such townsite, addition or subdivision may be situated."

It is apparent that these paragraphs, like those under Title 11, supra, make provision for a dedication, but unlike those under Title 11 do not require submission of the plat for approval by the Common Council.

The appellee contends that paragraph 607 et seq., under Chapter 9, Title 11, are applicable, and that since the plat was never submitted for the approval of the Common Council as required by paragraph 612 thereunder no statutory dedication was accomplished. Appellant asserts that the applicable provisions are those under Title 70, namely, paragraph 4098 et seq., where there is no requirement for approval by the Common Council. This controversy as to which paragraphs of our 1901 Code are applicable to the facts before us points up our first question to be resolved.

An examination of paragraph 607 et seq., reflects that these paragraphs are expressly limited in application to situations involving a "city, town or village" or "addition to any city, town or village". Therefore, in order to bring our facts within the meaning of paragraph 607 et seq., we must find that the so-called Thomas Addition was a true addition such as was contemplated by the framers, of these statutes. In Neblett v. R. S. Sterling Inv. Co., Tex.Civ.App., 233 S.W. 604, 609, the Texas court said:

"* * * The word 'addition' means to add to, to become united with, to become a part of the subject or matter to which the addition is to be made, and therefore in cases of additions to the territory of towns or cities the territory to be added must be adjoining or contiguous to the territory of the town or city to which it is to be added. * * *"

It is apparent that to qualify as a true addition an area must be contiguous to the limits of the town to which it is purported to be an addition. According to the agreed statement of facts the so-called Thomas Addition was not contiguous to the City of Yuma at the time the plat was filed and recorded and was not, therefore, a true addition. If within the meaning of statutes in our 1901 Code there had been no requirement that additions be contiguous, such could have led to strange consequences indeed. Such, for instance, would have permitted the establishment of a bona fide addition to a city any distance from its corporate limits without limitation. All must concede that such sanction could not have been contemplated by our legislature when they enacted paragraph 607 et seq. Therefore, we must conclude that paragraphs 607 through 612 are without application to the facts herein presented.

As we have seen paragraph 607 et seq., are statutes of limited application or specific statutes. But paragraph 4098, et seq., under Title 70, are general statutes applicable generally to situations where land owners desire to plat land into "townsites, additions or subdivisions". It is apparent that these paragraphs are not limited to mere additions but extend to include subdivisions which is a much broader term. Webster's New International Dictionary (2d Ed.) states that a "subdivision" is "An unimproved tract of land surveyed and divided into lots for purposes of sale. * * *" People v. Embassy Realty Associates, 73 Cal.App. 2d 901, 167 P.2d 797. We have already found that an addition contemplates areas which are contiguous to the town limits but the term "subdivision" is not so limited. It extends to include all tracts of land which an owner desires to divide into lots, whether such land is adjacent to the corporate limits. We therefore feel that while the so-called Thomas Addition failed to qualify as a true addition it qualifies as a subdivision within the meaning of paragraph 4098 et seq., and as a consequence these statutes are applicable to our facts.

■ It is our view that as far as dedications are concerned, paragraph 4098 et seq., contemplate the common law modes of dedication including that set forth in Evans v. Blankenship, 4 Ariz. 307, 39 P. 812. The rule in that case was to the effect that the mere act of surveying land into lots, streets, and squares by the owner, and the recordation of such plat, constituted an offer to dedicate and was subject to revocation by the dedicator until it was accepted, but the mere act of selling lots with reference to such plat resulted in an immediate and irrevocable common law dedication of areas delineated thereon for public purposes. Allied American Inv. Co. v. Pettit, 65 Ariz. 283, 179 P.2d 437. See, also, Frauenthal v.

Slaten, 91 Ark. 350, 121 S.W. 395; Mayor and Council of Bayonne v. Ford, 43 N.J. Law 292.

On the plat filed by William Thomas there appeared a statement, designated "dedication", wherein it was recited "that Block 7, as shown on said plat, is hereby dedicated to the public for park and public building purposes only." This dedicatory statement was signed by the proprietor, properly acknowledged, and the plat was filed and recorded in the office of the county recorder. The facts further reflect that William Thomas sold the entire Thomas Addition with reference to the plat of record to William Preston Hill on January 3, 1910; that Leidendeker, the appellee, since acquiring the south one-half of the said addition, has sold ten lots with reference to the plat; and that transactions involving sale of land in the addition were had with reference to the plat in 1921, 1926, 1933, 1936, 1938, 1939 and 1946. These facts make the dedication complete under the rule of Evans v. Blankenship, supra, approved in Allied American Inv. Co. v. Pettit, supra; Edwards v. Sheets, 66 Ariz. 213, 185 P.2d 1001; Drane v. Avery, 72 Ariz. 100, 231 P.2d 444.

Appellee further argues that since the county assessed taxes to the record owners of Block 7 commencing in 1928, and since taxes were paid in 1928 and 1929, the county is estopped to assert any dedication. This matter was squarely before our court in Evans v. Blankenship, supra. Our court there quoted and followed the doctrine enunciated in Town of San Leandro v. Le Breton, 72 Cal. 170, 13 P. 405, 408, wherein the California court said:

"* * * when the block was dedicated to the use of the public as a public square it became a part of the public grounds of the town, and could not be legally assessed or taxed for state, county, or municipal purposes; and the erroneous action of officials in the respects named could not impair the rights of the public, or confer rights upon the defendants. The doctrine of estoppel has, therefore, no application."

This salutary result is supported by Article 9, Section 2, Arizona Constitution, which exempts all public property from taxation. See: Allied American Inv. Co. v. Pettit, supra.

Finally, appellee contends that nonuser of Block 7 (dedicated for park and public building purposes) for forty years constitutes an abandonment of any dedication which may have resulted. It is the general rule that abandonment does not result from mere nonuser after a dedication is complete. 26 C.J.S. Dedication, § 63 b; 11 McQuillin, Municipal Corporations, 3d Ed., Sec. 38.78; City of Florence v. Florence Land & Lumber Co., 204 Ala.

175, 85 So. 516; Louisiana Ice Manuf'g Co. v. City of New Orleans, 43 La.Ann. 217, 9 So. 21; McCarty v. City of Frankfort, 74 Ind.App. 551, 129 N.E. 334. It is fair to assume that since 1946 the twenty-four householders in the subdivision have been using some of the dedicated streets and alleys, and that there will be use of the park when more families take residence therein. It will be presumed as a matter of law that the dedication contemplated this state of things, and imposed no condition on the public to use the park until the public wants required its use. In the case of Shea v. City of Ottumwa, 67 Iowa 39, 24 N.W. 582, it appeared that there had been nonuser of the dedicated street over rough and hilly ground for a period of over thirty years. With reference to this the court said:

"* * * It would not do to hold that city streets, dedicated to the public, over hilly, rough land would revert to the dedicator if they were not improved and used by the public until the wants of public travel demanded it. In some of the cities of this state there are streets in some portions thereof over which no vehicle nor even horseman has passed, and yet they were dedicated more than 30 years ago. They have not been used, for the reason that, until graded, they are incapable of use. The dedication will be presumed by the law to have contemplated this state of things, and imposed no condition upon the public to use the street until the public wants demanded and secured their improvement. * * *"

We therefore hold that a statutory dedication of Block 7 was perfected and that there has been no abandonment thereof.

The judgment is reversed with directions to dismiss the complaint.

UDALL, WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.