TREVER v CITY OF STERLING HEIGHTS

1. ZONING—PROPERTY INTEREST—ORDINANCES—REZONING.

   A vested property interest acquired before the enactment of a zoning ordinance may not be destroyed by a subsequent rezoning.

2. ZONING—PROPERTY INTEREST—REZONING.

   A plaintiff landowner did not acquire a vested property interest in a planned business zoning classification for his land where his actions consisted of a prior lease to an oil company without a reliance on the change of zoning, hiring an architect nearly a year after the property had been rezoned to single family residential to prepare preliminary studies for a shopping center, and purported dedications to the city of utility easements and a road right-of-way which were not shown to have been accepted by the public authorities and were therefore not complete.

3. ZONING—BURDEN OF PROOF—JUDICIAL REVIEW.

   The burden of proving that a zoning ordinance is void is upon the party attacking the ordinance, and while the Court of Appeals reviews such matters *de novo*, the trial judge's decision is accorded great weight.

4. ZONING—ORDINANCES—CLASSIFICATIONS—REASONABLE USE.

   A municipality's zoning ordinance need not sanction the highest and best use, it need only allow an owner a reasonable use of his property; a single family residential classification applied to an owner's property is not void, even though the property is more valuable as business property, where the property can reasonably be used for such residential development.

Appeal from Macomb, Howard R. Carroll, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 146.
[2] 58 Am Jur, Zoning § 149.
[3] 58 Am Jur, Zoning § 16.
[4] 58 Am Jur, Zoning §§ 21, 22.

Submitted Division 2 March 14, 1974, at Detroit. (Docket No. 16999.) Decided May 1, 1974.

Complaint for mandamus by Joseph Trever against officials of the City of Sterling Heights to compel a rezoning of land owned by plaintiff. Judgment for defendant. Plaintiff appeals. Affirmed. Leave to appeal denied, 392 Mich —.

*Davidow & Davidow,* for plaintiff.

*O'Reilly & Cornell,* for defendant.

Before: J. H. GILLIS, P. J., and QUINN and O'HARA,* JJ.

J. H. GILLIS, P. J. Plaintiff Joseph Trever owns a 24-acre parcel of land in Sterling Heights. He wanted to build a shopping center on his property but discovered it was zoned single family residential (hereinafter referred to as SFR). In 1967, Trever received oral assurances from Sterling Township[1] officials that his land would be rezoned planned business. Thereafter, on October 31, 1967, plaintiff leased a portion of the property to Mobil Oil Corporation for 15 years for a gasoline service station. In November, 1967, Trever formally petitioned the township board to rezone his land planned business. On May 21, 1968, the rezoning was granted contingent upon plaintiff dedicating a utility easement to the township and a road right-of-way to the county road commission. On May 25, 1968 plaintiff signed and delivered to the appropriate authorities documents purporting to convey the requested dedications. The required publica-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] City of Sterling Heights succeeded the township July 1, 1968.

tion of the zoning ordinance amendment was effected June 4, 1968, the change to become effective 30 days thereafter. However, also on June 4, the township board reconsidered the rezoning and passed a motion referring the matter to the local planning commission recommending that Trever's property be rezoned back to SFR. The commission held a public hearing on September 13, 1968 and recommended rezoning SFR. The city council officially amended its zoning ordinance on October 29, 1968, rezoning plaintiff's land SFR.

Plaintiff commenced this action July 5, 1968. On February 16, 1973 the trial court denied plaintiff's petition for mandamus, holding that the SFR classification as applied to plaintiff's land was not unconstitutional. Plaintiff appeals from denial of his motion for a new trial.

First, did plaintiff make a substantial change in position, thereby acquiring a vested interest in the planned business classification, precluding defendant from rezoning back to SFR? A vested property interest acquired before the enactment of an ordinance may not be destroyed by a subsequent rezoning. *Klyman v City of Troy,* 40 Mich App 273; 198 NW2d 822 (1972). To have acquired a vested right in the planned business classification, plaintiff would have had to have undertaken acts, *in reliance* on the zoning change, of such a nature that a rezoning back to SFR would be to his *substantial* detriment. See *City of Lansing v Dawley,* 247 Mich 394; 225 NW 500 (1929); *City of Ann Arbor v Northwest Park Construction Corp,* 280 F2d 212 (CA 6, 1960).

Plaintiff undertook no such acts here. The Mobil lease was executed more than six months before the township zoned the property planned business. Thus, there could have been no reliance. While

plaintiff hired an architect to prepare preliminary studies for a shopping center, he did not do so until September, 1969, almost a year after the property had been rezoned SFR. The alleged dedications of the utility easement and the road right-of-way were made in reliance of the zoning change. However, to create a dedication there must be acceptance by the public authorities. *Elias Brothers, Inc v City of Hazel Park,* 1 Mich App 30; 133 NW2d 206 (1965). The burden of proving this acceptance rests upon the party asserting it, and the proof of facts constituting an acceptance must be clear, satisfactory, and unequivocal. See *Robinson v Town of Riviera,* 157 Fla 194; 25 So 2d 277 (1946); *Robas v Allison,* 146 CA2d 716; 304 P2d 163 (1956); *Watson v City of Albuquerque,* 76 NM 566; 417 P2d 54 (1966); see also *Laug v Ottawa County Road Commission,* 37 Mich App 757; 195 NW2d 336 (1972). We find that plaintiff failed to sustain his burden. Since plaintiff did not rely to his detriment on the planned business classification, he acquired no vested interest in it.

Second, is the SFR zoning classification, as applied to plaintiff's property, unreasonable, arbitrary and confiscatory and, therefore, void? The burden of proving the ordinance is void is on the plaintiff. And, while our review is *de novo,* the trial judge's decision is accorded great weight. *Sabo v Monroe Twp,* 46 Mich App 344; 208 NW2d 57 (1973); see *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974).

The area around plaintiff's property is developed primarily single family residential, with some condominiums and apartments. While testimony indicates that the best use of the property would be for business, all witnesses acknowledged the land is also suitable for single family residential devel-

opment. In fact, a new single family subdivision was under construction directly across from plaintiff's property.

A zoning ordinance which prevents a property owner from making any beneficial use of his property is confiscatory. *Bassey v Huntington Woods,* 344 Mich 701; 74 NW2d 897 (1956). However, the fact that property is favorably situated for business purposes and is more valuable as business property than as residential property does not require that it be rezoned for business use. *Drummer Development Corp v Avon Twp,* 51 Mich App 21; 214 NW2d 60 (1973); *Reid v Southfield,* 8 Mich App 553; 155 NW2d 252 (1967); see *Moreland v Armstrong,* 297 Mich 32; 297 NW 60 (1941). While a municipality's zoning law must allow an owner a reasonable use of his property, it need not sanction the highest and best use. Plaintiff's property can reasonably be used for single family residential development. Therefore, the SFR zoning classification, as applied to his property, is not void.

Affirmed. Costs to appellee.

All concurred.