223 P.3d 674

Paul KADLEC and Rachel Kadlec, husband and wife; Duane Howell and Brenda Howell, husband and wife, Plaintiffs/Appellees,

v.

Daniel DORSEY and Sherri Dorsey, husband and wife, Defendants/Appellants.

No. 2 CA–CV 2009–0053.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 24, 2009.

Vernon E. Peltz, Tucson, Attorney for Plaintiffs/Appellees Howell.

Bradley G.A. Cloud, Tucson, Attorney for Plaintiffs/Appellees Kadlec.

Hinderaker & Rauh, PLC By Adam Weisman, Tucson, Attorneys for Defendants/Appellants.

## OPINION

VÁSQUEZ, Judge.

¶ 1 In this action to enforce an easement, appellants Daniel and Sherri Dorsey appeal from the trial court's grant of partial summary judgment in favor of Paul and Rachel Kadlec and Duane and Brenda Howell (collectively, Kadlec), and its denial of the Dorseys' motion for partial summary judgment. The Dorseys argue the court erred in finding that an easement for a roadway running across their property had been dedicated to public use. For the reasons stated below, we affirm.

## Facts and Procedural Background

¶ 2 We view the facts and reasonable inferences therefrom in the light most favorable to the Dorseys, against whom summary judgment was entered. *Lowe v. Pima County,* 217 Ariz. 642, ¶ 3, 177 P.3d 1214, 1215 (App. 2008). Between December 1994 and October 1995, Richard Turigliatto conveyed three contiguous parcels of real property to different purchasers in three separate transactions. A dirt road ran through all three parcels, connecting with public roads to the east and west. Turigliatto conveyed the first, easternmost, parcel "subject to the existing road traversing through the property shown as 'Road Inter–X'" on a specified survey map. He conveyed the second, central, parcel "subject to an undefined easement as shown" in the survey described in the first transaction, showing "Road Inter–X." The conveyance of the remaining, westernmost, parcel of property included "an easement over" real property described by metes and bounds and corresponding to the description of the roadway on the survey.

All three conveyances were subsequently recorded.

¶ 3 The Dorseys are successors-in-interest to the purchaser of the second, central parcel. In 2006, they erected a gate across the roadway at the western end of their property and fence posts blocking the middle of the roadway at the other end. In the fall of 2007, the Kadlecs and the Howells, owners of neighboring parcels of land, but not part of the property originally conveyed by Turigliatto, filed separate actions to enforce the easement and recover damages. The two cases were subsequently consolidated by stipulation of the parties.[1]

¶ 4 Kadlec moved for partial summary judgment on the issue of the Dorseys' property being subject to a recorded easement, and the Dorseys filed a cross-motion for partial summary judgment on the issue of Kadlec's claim of beneficial interest in any such easement. In its written ruling, the trial court cited *Hunt v. Richardson,* 216 Ariz. 114, 120, 163 P.3d 1064, 1070 (App.2007), for the proposition that "[a]n easement which consists of a roadway by its very nature invites public use unless the dedicator's intent was otherwise." And, because the court concluded "the language of the Tur[i]gli[a]tto deed does not reflect that the grantor intended to limit the benefit [of the easement] to any particular parcel or person," it granted Kadlec's motion and denied the Dorseys'. This appeal followed.

## Discussion

¶ 5 The Dorseys argue that, in the absence of any evidence Turigliatto intended to dedicate the roadway easement to public use, the trial court erred in granting partial summary judgment in favor of Kadlec and denying their motion for partial summary judgment. Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c). We review de novo

---

1. The Dorseys also filed a third-party complaint against their predecessor-in-interest, alleging she had fraudulently represented there were no easements burdening the property. However, the trial court apparently bifurcated this claim from the issues being raised here, and it has no bearing on this appeal.

whether the court erred in applying the law. *Lowe*, 217 Ariz. 642, ¶ 14, 177 P.3d at 1218.

¶ 6 "Under the common law, an owner of land can dedicate that land to a proper public use.... The effect of a common law dedication is that the public acquires an easement to use the property for the purposes specified, while the fee remains with the dedicator." *Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, ¶ 8, 87 P.3d 831, 834 (2004) (citations omitted). "No particular words, ceremonies, or form of conveyance is necessary to dedicate land to public use; anything fully demonstrating the intent of the donor to dedicate can suffice." *Id.* ¶ 21. But clear and unequivocal evidence "that the alleged dedication ... was for a general public purpose as distinguished from a use by a specific class of the public for a limited purpose" is generally necessary to demonstrate such intent. *City of Scottsdale v. Mocho*, 8 Ariz.App. 146, 149, 444 P.2d 437, 440 (1968).

¶ 7 A street, however, "by its very nature [is] a public place, wh[ich] all segments of the general public are expected to be able to use," *id.* at 150, 444 P.2d at 441, and "an easement [that] consists of a roadway ... invites public use," *Hunt*, 216 Ariz. 114, ¶ 17, 163 P.3d at 1070. Thus, when land is sold subject to a roadway easement the usual burden of proof is reversed and we presume an intent to dedicate the roadway to public use. *Id.* ¶ 15; *see Yuma County v. Leidendeker*, 81 Ariz. 208, 213, 303 P.2d 531, 535 (1956); *Evans v. Blankenship*, 4 Ariz. 307, 315, 39 P. 812, 813 (Ariz.Terr.1895) (sale of land with reference to map or survey showing streets amounts to immediate and irrevocable public dedication of such streets); 26 C.J.S. *Dedication* §§ 16, 19 (2009). This presumption may be rebutted by evidence that "the dedicator's intent was otherwise." *Hunt*, 216 Ariz. 114, ¶ 17, 163 P.3d at 1070.

¶ 8 Here, it is undisputed that Turigliatto conveyed the property to the Dorseys' predecessor-in-interest subject to a roadway easement. It is conceivable, as the Dorseys contend, that Turigliatto could have intended to reserve the right to use the easement to himself and his successors-in-interest to the western parcel, which was the last to be sold.² However, Turigliatto did nothing to indicate this was his intent, either by expressly providing that he "did not intend for the public at large to have access," or by configuring the easement such that it "did not extend to the borders of [the property], thus requiring anyone attempting to access the roadway to pass over clearly private property not subject to the easement." *See Pleak*, 207 Ariz. 418, ¶ 27, 87 P.3d at 838. Thus, contrary to the dissent's assertion, we find nothing in the deeds that "clearly express[es] an intent contrary to a public dedication of the road." The conveyance, therefore, resulted in a common law dedication of the roadway to public use. *See id.; Hunt*, 216 Ariz. 114, ¶ 18, 163 P.3d at 1070.

¶ 9 Moreover, although our dissenting colleague correctly notes that nothing in the language of the three original deeds indicates the roadway was then open to public traffic, he is mistaken that there is nothing in the survey to suggest this was the case. The survey clearly shows the road connects two public roads, Pistol Hill Road to the northwest and Mountain Canyon Road to the southeast. Thus, absent any indication to the contrary, it would have been reasonable for the purchasers of the three parcels "to believe that the [road] ... w[ould] be kept open for their use and benefit ... [and] that all persons whatsoever, as occasion may require or invite, may use [it]." *See* 26 C.J.S. *Dedication* § 19.³ The trial court did not err

2. The Dorseys' interpretation of the easement would permit Turigliatto's successors-in-interest to the western parcel to cross the Dorseys' property by using the road, while giving the Dorseys no corresponding right to traverse the western parcel to gain access to the public road beyond. This illustrates the reasoning underlying the rule with respect to roadway easements; it would not have been reasonable for Turigliatto to impose such a restriction without informing the purchas-

er of the property that this was his intent. *See* 26 C.J.S. *Dedication* § 19.

3. And to the extent the dissent suggests that 26 C.J.S. *Dedication* §§ 16 and 19 are inconsistent with Arizona law, we disagree. Although we acknowledge that this is a relatively undeveloped area of law, the relevant Arizona cases are entirely consistent with what is the overwhelmingly majority position in other jurisdictions. *See Ev-*

in granting Kadlec's motion for partial summary judgment and denying the Dorseys' motion.

### Disposition

¶ 10 For the reasons stated above, we affirm the trial court's grant of partial summary judgment in favor of Kadlec and its denial of the Dorseys' motion for partial summary judgment. Kadlec requests "an award of attorneys fees and costs in defending this appeal pursuant to A.R.S. § 12–331, Rule 21, [Ariz. R. Civ.App. P.], and any other applicable statute or rule."[4] We do not grant a request for attorney fees that fails to "articulate an appropriate statutory basis for that request." *Fid. Nat. Title Co., Inc. v. Town of Marana*, 220 Ariz. 247, ¶ 17, 204 P.3d 1096, 1100 (App.2009). But § 12–331 pertains to costs, not attorney fees, and the Dorseys' request for fees under Rule 21 is insufficient because the rule "does not provide a substantive basis for a fee award." *Bed Mart, Inc. v. Kelley*, 202 Ariz. 370, ¶ 24, 45 P.3d 1219, 1224 (App.2002). We therefore deny Kadlec's request for attorney fees. However, as the prevailing parties, the Kadlecs and the Howells are entitled to costs upon compliance with Rule 21.

CONCURRING: PETER J. ECKERSTROM, Presiding Judge.

BRAMMER, Judge, dissenting.

¶ 11 I respectfully dissent from my colleagues' opinion. By concluding "land ... sold subject to a roadway easement" creates a presumption of "an intent to dedicate th[at]

roadway to public use," ¶ 7 *supra*, the majority has created a rule inconsistent with Arizona's jurisprudence requiring that the intent to dedicate property for public use be clear and unequivocal.

¶ 12 The dedication of property for public use may be accomplished either by statute or common law. *Pleak*, 207 Ariz. 418, ¶ 8 & n. 1, 87 P.3d at 834 & n. 1. Neither party suggests a statutory dedication occurred here. Thus, I confine my analysis to common law dedication, which "has two general components—an offer by the owner of land to dedicate and acceptance by the general public." *Id.* ¶ 21. As the majority correctly notes, "[n]o particular words, ceremonies, or form of conveyance is necessary to dedicate land to public use; anything fully demonstrating the intent of the donor to dedicate can suffice." *Id.* Thus, a dedication may be made in a recorded deed or by "sale of lots referencing a recorded plat containing the dedication." *Id.* ¶ 23. "The burden of proof to establish a dedication is on the party asserting it." *City of Phoenix v. Landrum & Mills Realty Co.*, 71 Ariz. 382, 386, 227 P.2d 1011, 1013 (1951). And the "[p]roof of facts necessary to constitute dedication must be 'clear, satisfactory and unequivocal.'" *Mocho*, 8 Ariz.App. at 149, 444 P.2d at 440, *quoting* 23 Am.Jur.2d Dedication § 79 at 65.[5]

¶ 13 Here, Turigliatto conveyed the easternmost parcel by warranty deed, attached to which was an exhibit stating the conveyance was "subject to the existing road" as shown on an unrecorded survey map dated October 25, 1994. He subsequently conveyed

---

*ans,* 4 Ariz. at 315, 39 P. at 813 (sale of land with reference to map or survey showing streets amounts to immediate and irrevocable public dedication of such streets); *see also Nixon v. City of Anniston*, 219 Ala. 219, 121 So. 514, 515 (1929); *Kennedy v. Town of Normal*, 359 Ill. 306, 310, 194 N.E. 576 (1934); *Skates v. Bryant*, 863 So.2d 907, ¶ 7 (Miss.2003); *Gaither v. Albemarle Hosp.*, 235 N.C. 431, 70 S.E.2d 680, 690 (1952); *Garvey v. Harbison–Walker Refractories Co.*, 213 Pa. 177, 62 A. 778, 778–79 (1906); *De Byle v. Roberts*, 273 Wis. 648, 79 N.W.2d 115, 117–18 (1957).

4. Because the Dorseys are not the prevailing party, we do not consider the merits of their request for attorney fees pursuant to A.R.S. § 12–1103(B).

5. Although *Mocho* purports to quote 23 Am. Jur.2d Dedication § 79, that section does not exist, and the quoted language does not appear in another section. Several other jurisdictions, however, have articulated the same standard. *See, e.g., Robinson v. Town of Riviera*, 157 Fla. 194, 25 So.2d 277, 278 (1946); *Village of Joppa v. Chicago & E. Ill. R.R. Co.*, 51 Ill.App.3d 674, 9 Ill.Dec. 131, 366 N.E.2d 388, 392 (1977); *Trever v. City of Sterling Heights*, 53 Mich.App. 144, 218 N.W.2d 810, 812 (1974); *Falco Lime, Inc. v. City of Vicksburg*, 836 So.2d 711, ¶ 54 (Miss.2002); *Watson v. City of Albuquerque*, 76 N.M. 566, 417 P.2d 54, 56 (1966).

the center parcel together with "[a]n easement for ingress, egress and utilities" over his retained twenty acre parcel to the west, but "subject to an undefined easement as shown" on the 1994 survey map, which was recorded with the deed as an exhibit to it. Finally, Turigliatto conveyed the westernmost parcel but "except[ed] therefrom" the road over it, while also conveying "an easement ... for ingress, egress and public utilities" over the road within the parcel's boundaries.[6] The road is described on the survey map only as an "Existing Graded Road." Nothing in the language of any of the three deeds or the survey suggests the road was then open to public traffic,[7] nor does it express any intention that it be in the future. I am aware of no Arizona case finding or presuming a valid public dedication based on such language. *See, e.g., Pleak,* 207 Ariz. 418, ¶¶ 2, 22, 87 P.3d at 833, 837 (finding valid offer to dedicate where survey granted roadway easement " 'to the public' "); *Evans v. Blankenship,* 4 Ariz. 307, 313, 314–15, 39 P. 812, 812–13 (Terr.1897) (finding dedication of land described as " 'Public Grounds' " on plat); *Lowe,* 217 Ariz. 642, ¶¶ 3, 16, 177 P.3d at 1215, 1218 (noting "no dispute" that valid dedication offer made when deed stated roadway was " 'CONVEY [ed] unto THE PUBLIC' "); *see also Hunt,* 216 Ariz. 114, ¶¶ 3, 14, 163 P.3d at 1067, 1069 (describing easement as granted "to the general public" and noting no dispute whether valid dedication offer made).

¶ 14 But the majority departs from Arizona's general rule that a public dedication clearly must be shown, concluding we must presume dedication because the property in question is a road. In so doing, the majority shifts the burden to the Dorseys to demonstrate otherwise, and appears to ignore our supreme court's statement that "[d]edication is not presumed nor does a presumption of an intent to dedicate arise unless [such intent] is clearly shown by the owner's acts and declarations." *Landrum & Mills Realty Co.,*

71 Ariz. at 386, 227 P.2d at 1013; *see also Mocho,* 8 Ariz.App. at 149, 444 P.2d at 440. There is no language in any of the three deeds or the survey map clearly expressing any intent on Turigliatto's part to dedicate the road to the public.

¶ 15 The majority cites several cases to support its conclusion that we may presume a public dedication occurred here. I do not view any of them as providing support for that proposition or so holding. For example, in *Hunt,* Division One of this court did not address whether circumstances there would permit a presumptive dedication of an easement for public use, *see* 216 Ariz. 114, ¶ 14, 163 P.3d at 1069, but only whether a clear offer to dedicate had been adequately accepted, *id.,* and whether the dedication served a proper public use. *Id.* ¶ 17. Moreover, the court in *Hunt* described the easement as having been dedicated "to the general public," *id.* ¶ 3, observing there was no dispute "that a valid offer to dedicate [had been] made." *Id.* ¶ 14. *Hunt* therefore specifically does not address the precise issue before us—whether Turigliatto made a valid offer, or expressed the intent, to dedicate the road to the public.

¶ 16 The majority relies on the court's statement in *Hunt* that a road, "by its very nature invites public use unless the dedicator's intent was otherwise." *Id.* ¶ 17. But that statement was relevant only to the court's rejection of the appellant's argument the road did not serve a proper public use because it was only used "by travelers to a finite number of properties." *Id.* The majority thus has taken the statement out of context. The appellant's argument in *Hunt* was based on *Mocho,* where this court determined a parking lot was not "a proper subject of dedication" because it was unlike streets or parks, which are "by [their] very nature ... public place[s]" and therefore properly could be dedicated to the public. 8 Ariz.App. at 150, 444 P.2d at 441. At most, *Mocho* stands for the proposition that a

---

6. Thus, Turigliatto apparently retained ownership in fee simple of the road over the westernmost parcel.

7. The road connects at either end to apparently public thoroughfares, thereby providing the three

property owners egress to the public roads. But that alone does not permit an inference that Turigliatto intended that members of the public traveling these public roads have the right to cross the three privately owned parcels.

street, unlike a parking lot, may be dedicated to the public, not that a street is necessarily open to public use. A street unquestionably may be privately owned. Nothing in *Hunt* or *Mocho* stands for the proposition that public dedication of a road would be presumed without specific accompanying acts or language "fully demonstrating the intent of the donor to dedicate" the easement. *Pleak,* 207 Ariz. 418, ¶ 21, 87 P.3d at 837.

¶ 17 The majority's reliance on *Leidendeker* is similarly misplaced. There, citing *Blankenship,* the supreme court stated, "the mere act of surveying land into lots, streets, and squares by the owner, and the recordation of such plat, constituted an offer to dedicate," which is deemed accepted when the land is sold. *Leidendeker,* 81 Ariz. at 213, 303 P.2d at 535. But in both *Leidendeker* and *Blankenship,* there was language on the recorded plat clearly designating the areas dedicated to the public. *See Leidendeker,* 81 Ariz. at 214, 303 P.2d at 535 (designating land on plat "to the public for park and public building purposes only"); *Blankenship,* 4 Ariz. at 313, 39 P. at 812 (designating area as "'Public Grounds'"). Thus, like *Hunt,* the issue in both *Leidendeker* and *Blankenship* was not whether a valid offer to dedicate had been made, but instead whether the offer had been accepted. *See Leidendeker,* 81 Ariz. at 214, 303 P.2d at 535; *Blankenship,* 4 Ariz. at 314–15, 39 P. at 812–13. Neither case suggests, much less holds, that merely recording a deed or survey map referring to or describing a roadway easement, without more, dedicates that roadway to public use. Neither case contradicts Arizona's rule that public dedication must be clear and unequivocal.[8] *See Mocho,* 8 Ariz.App. at 149, 444 P.2d at 440. Indeed, the court in *Leidendeker* noted that sale of lots with reference to a plat containing lots and roadways constituted "an immediate and irrevocable common law dedication of areas delineated thereon for public purposes." 81 Ariz. at 213, 303 P.2d at 535. Because nothing on any of the three deeds Turigliatto gave or on the survey map covering his forty-acre parcel constitutes language clearly expressing an intent to delineate the road for a public purpose, there was no dedication.[9] Although *Leidendeker* and *Blankenship* both addressed situations in which the relevant documents explicitly expressed the intent to dedicate, I do recognize that other Arizona cases have concluded, without any analysis or discussion of the specific language used in the deeds or plat, a public dedication occurs when roads are marked on a recorded plat. In *Drane v. Avery,* 72 Ariz. 100, 102, 231 P.2d 444, 445 (1951), *overruled on other grounds by Chadwick v. Larsen,* 75 Ariz. 207, 254 P.2d 1020 (1953), our supreme court stated:

It is well settled in this jurisdiction that the making and recordation in the county recorder's office of a city addition plat, showing lots, blocks, dimensions thereof and width of all streets coupled with sales or lots therein, constitutes a 'dedication' of such streets, and use thereof by purchasers of lots and the general public constitutes sufficient acceptance of the dedication, by which fee in the dedicated property passes to the county in trust for the public and the described uses.

*See also Thorpe v. Clanton,* 10 Ariz. 94, 100–01, 85 P. 1061, 1062 (Terr.1906). The supreme court also noted, however, that it was undisputed there had been "a valid and effective dedication of the street [in question] to public use." *Drane,* 72 Ariz. at 102, 231 P.2d at 445. However, to the extent *Drane* may be read as finding a valid offer to dedicate

---

8. The majority also relies on 26 C.J.S. Dedication §§ 16 and 19. To the extent those sections suggest a public dedication may be presumed in these circumstances, they are inconsistent with Arizona law. We must therefore disregard them.

9. The majority asserts in n. 2, *supra,* that, under the Dorseys' interpretation of the easement, they would have no right to traverse the western twenty-acre parcel, suggesting it would not have been "reasonable for Turigliatto to impose such a restriction without informing the purchaser of the property that this was his intent." But the

Dorseys plainly have the right to use the road on the western parcel because it was specifically granted in the original conveyance of the central parcel. Further, they clearly may use the road over the eastern parcel because their parcel was a portion of the dominant estate that was benefitted by the reservation of the easement over the eastern parcel. This arrangement appears perfectly reasonable, and nothing about it suggests Turigliatto intended the road to be open for public use.

exists based solely on the recording of a plat showing roads, the basis for such a reading has been overruled, at least implicitly, by our supreme court's more recent statement of the law in *Pleak* that dedication may be made by the "sale of lots referencing a recorded plat containing the dedication." 207 Ariz. 418, ¶ 23, 87 P.3d at 837. As the court explained in *Pleak,* a recorded plat must contain an explicit dedication to be effective. The survey map recorded here does not.

¶ 18 But, even assuming that merely recording a plat showing lots and roads demonstrates an intent to dedicate to public use any road shown on that plat, and further assuming that the survey map referred to in the deeds to the three parcels Turigliatto conveyed here is equivalent to the "city addition plat" addressed in *Drane,* each of Turigliat-to's three deeds clearly indicates an intent contrary to, and inconsistent with, a public dedication of the road. As explained above, Turigliatto transferred both the eastern and central parcels subject to an easement over them. Although the deeds do not explicitly identify Turigliatto's remaining parcels as the beneficiaries of that easement, the law presumes they are. *See* Restatement (Third) of Property (Servitudes) § 2.5 cmt. a ("In the absence of circumstances indicating some other intent, the normal inference is that the parties intend to burden or benefit the estates or other interests they own in the property."); *see also Barrett v. Harris,* 207 Ariz. 374, ¶ 15, 86 P.3d 954, 959 (App.2004) ("Absent law to the contrary, we look to the Restatement for guidance."); *Squaw Peak Cmty. Covenant Church of Phoenix v. Anozira Dev., Inc.,* 149 Ariz. 409, 412, 719 P.2d 295, 298 (App.1986) ("If the language [of a deed] is ambiguous, a reasonably convenient and suitable way across the servient land is presumed to be intended."). That Turigliatto sought to reserve, for himself, an easement over the property he was conveying clearly suggests he had no intent that the road be open to the public. Had he intended a public dedication of the road by these deeds, the language in them retaining an easement for the benefit of his retained parcels would have been superfluous—his remaining parcels, as well as the rest of the world, would have benefitted from a public dedication of the

road. In a similar vein, for the westernmost parcel, Turigliatto's deed excepted the road from the conveyance of the parcel and granted that parcel an easement over the road, which he apparently retained in fee simple. Had his intention been to dedicate the road to the public, there would have been no reason to grant the western parcel an easement over it.

¶ 19 "The intention of the owner to set aside lands or property for the use of the public is the foundation and life of every dedication." *Allied Am. Inv. Co. v. Pettit,* 65 Ariz. 283, 287, 179 P.2d 437, 439 (1947). " 'It is not a trivial thing to take another's land, and for this reason the courts will not lightly declare a dedication to public use.' " *Mocho,* 8 Ariz.App. at 150, 444 P.2d at 441, *quoting Shia v. Pendergrass,* 222 S.C. 342, 72 S.E.2d 699, 702 (1952). Acts purportedly effecting a dedication to the public, such as recording a plat showing lots and roads, " 'must not be consistent with any construction other than that of a dedication.' " *Id., quoting Shia,* 72 S.E.2d at 702. Thus, because Turigliatto's deeds clearly express an intent contrary to a public dedication of the road, the fact that the survey map was recorded cannot constitute evidence he intended to dedicate the road for public use.

¶ 20 Although I recognize that "no magic words are required to dedicate land to public use," *Hunt,* 216 Ariz. 114, ¶ 13, 163 P.3d at 1069, here, there were no words, "magic" or otherwise, in either Turigliatto's deeds or the survey map that could in any way be interpreted to express an intention to dedicate the road to the public. Nor is there anything in the record suggesting he acted contemporaneously with the intent to do so. No Arizona authority holds, as does the majority here, that the mere fact that a road easement is granted or reserved in a recorded conveyance raises a legal presumption the easement has been dedicated for public use. Such a holding is contrary to Arizona's rule that the "[p]roof of facts necessary to constitute dedication must be 'clear, satisfactory and unequivocal.' " *Mocho,* 8 Ariz.App. at 149, 444 P.2d at 440, *quoting* 23 Am.Jur.2d Dedication § 79 at 65. I would therefore reverse the

trial court's grant of summary judgment in favor of Kadlec and Howell.