SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| PAUL KADLEC and RACHEL KADLEC, husband and wife; DUANE HOWELL and BRENDA HOWELL, husband and wife, | ) Arizona Supreme Court ) No. CV-10-0028-PR ) ) ) Court of Appeals ) Division Two |
| Plaintiffs/Appellees, | ) No. 2 CA-CV 09-0053 ) |
| v. | ) Pima County ) Superior Court |
| DANIEL DORSEY and SHERRI DORSEY, husband and wife, | ) No. C20076040 ) ) |
| Defendants/Appellants. | ) ) **O P I N I O N** ) |

Appeal from the Superior Court in Pima County
The Honorable Virginia C. Kelly, Judge

**REVERSED AND REMANDED**

_____

Opinion of the Court of Appeals, Division Two
223 Ariz. 330, 223 P.3d 674 (2009)

**VACATED**

_____

LAW OFFICE OF CLOUD LLC                                    Tucson
     By   Bradley G. A. Cloud
Attorney for Paul Kadlec and Rachel Kadlec

VERNON E. PELTZ                                           Tucson
     By   Vernon E. Peltz
Attorney for Duane Howell and Brenda Howell

HINDERAKER & RAUH, P.L.C.                                 Tucson
     By   Adam Weisman
Attorneys for Daniel Dorsey and Sherri Dorsey

GUST ROSENFELD P.L.C.                                    Phoenix
     By   Charles W. Wirken

Attorney for Amicus Curiae Land Title Association of Arizona

BARBARA LAWALL, PIMA COUNTY ATTORNEY                      Tucson
     By   Robert H. Gilbreath, Deputy County Attorney
Attorney for Amicus Curiae Pima County Board of Supervisors

_____

**R Y A N**, Justice

¶1      We today hold that the mere creation of a roadway easement does not raise a presumption that the road has been dedicated for public use.

**I**

¶2      The critical facts are not in dispute.  Richard Turigliatto owned land north of Tucson, which he split into three lots.  A dirt roadway traversed the three lots, connecting to public roads on either end.  As he sold the first two lots, Turigliatto retained an easement across them.  When he sold the third and westernmost lot, Turigliatto retained ownership of the roadway.  The parcel that Daniel and Sherri Dorsey ("the Dorseys") ultimately purchased was one of the two originally conveyed lots subject to the roadway easement.

¶3      Paul and Rachel Kadlec and Duane and Brenda Howell (collectively "the Kadlecs") own property nearby and had used the roadway.  When the Dorseys blocked their access, they filed this action, alleging, among other things, that they had a prescriptive easement and seeking a declaratory judgment that

2

they had "the right to the reasonable use and enjoyment of the right-of-way easement across the Dorsey Property."

¶4     The Kadlecs moved for summary judgment, arguing that the Dorseys' land was "subject to an easement" and that they were the beneficiaries. In a cross-motion, the Dorseys contended that the court should presume the easement was intended to benefit only the land Turigliatto retained after the sale of the Dorseys' parcel.

¶5     The superior court granted summary judgment to the Kadlecs on different grounds. The court ruled that because the original deed referred to the roadway and made no statement limiting its use to a particular beneficiary, the deed had effected a public dedication. The court found that "[a]n easement which consists of a roadway[,] by its very nature invites public use unless the dedicator's intent was otherwise."

¶6     In a divided opinion, the court of appeals affirmed. *Kadlec v. Dorsey*, 223 Ariz. 330, ___ ¶ 1, 223 P.3d 674, 675 (App. 2009). The majority recognized that, ordinarily, a public dedication is not presumed. *Id*. at ___ ¶ 6, 223 P.3d at 676. However, like the superior court, the majority concluded that when an easement is a road, dedication to the public is presumed. *Id.* at ¶ 7. In dissent, Judge Brammer argued that such a presumption runs contrary to a long line of Arizona

3

cases. *Id.* at ___ ¶ 11-20, 223 P.3d at 677-81 (Brammer, J., dissenting).

¶7 We accepted review of this issue of statewide importance, *see* ARCAP 23(c), and have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and Arizona Revised Statutes section 12-120.24 (2003).

## II

¶8 "An effective dedication of private land to a public use has two general components — an offer by the owner of land to dedicate and acceptance by the general public." *Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, 423-24 ¶ 21, 87 P.3d 831, 836-37 (2004) (citing *Allied Am. Inv. Co. v. Pettit,* 65 Ariz. 283, 287, 179 P.2d 437, 439 (1947) and Restatement (Third) of Property: Servitudes § 2.18(1) (2000)). Dedication is not accomplished by particular words or forms of conveyance, but does require "full[] demonstrat[ion] [of] the intent of the donor to dedicate." *Id.* (citing *Allied Am. Inv. Co.*, 65 Ariz. at 287, 179 P.2d at 439); *see also City of Scottsdale v. Mocho*, 8 Ariz. App. 146, 149, 444 P.2d 437, 440 (1968) (evidence of public dedication must be "clear, satisfactory and unequivocal") (citation omitted). "Dedication is not presumed nor does a presumption of an intent to dedicate arise unless it is clearly shown by the owner's acts and declarations." *City of Phoenix v. Landrum & Mills Realty Co.*, 71 Ariz. 382, 386, 227 P.2d 1011,

4

1013 (1951). Rather, "[t]he burden of proof to establish a dedication is on the party asserting it." *Id.*

¶9    The court of appeals distinguished this settled case law because the easement in question was a road. *Kadlec*, 223 Ariz. at ___ ¶ 7, 223 P.3d at 676. It relied principally on *Hunt v. Richardson*, in which the court said that a road, "by its very nature invites public use unless the dedicator's intent was otherwise." *Id.* (quoting 216 Ariz. 114, 120 ¶ 17, 163 P.3d 1064, 1070 (App. 2007)). The court of appeals' reliance on that statement in *Hunt* is misplaced. As noted by the dissent, the quoted language "was relevant only to . . . [the] argument the road did not serve a proper public use because it was only used" by persons travelling to a limited number of properties. *Id.* at ___ ¶ 16, 223 P.3d at 678 (Brammer, J., dissenting).

¶10    The effect of the decision below is that, unless proven otherwise, a private road becomes public whenever the property through which the road runs is subject to an easement. But no Arizona case has so held. To the contrary, we have looked to the affirmative actions of the grantor to determine whether land has been dedicated to the public. *See County of Yuma v. Leidendeker*, 81 Ariz. 208, 213-14, 303 P.2d 531, 535-36 (1956) (emphasizing the proprietor's dedicatory statement, which was signed, filed and recorded, and subsequent references to such statement in transactions involving the sale of the land at

issue); *Evans v. Blankenship*, 4 Ariz. 307, 314-15, 39 P. 812, 813 (Terr. Ct. 1895) (holding that recording a survey map indicating that land was for public use and making sale with reference to it "show[ed] an irrevocable dedication of the land in question to the public"). *Evans* and *Leidendeker*, as we noted in *Pleak*, involved sales of land with reference to "a recorded plat *containing the dedication*." 207 Ariz. at 424 ¶ 23, 87 P.3d 831, 837 (emphasis added). Nothing in these cases supports the proposition that merely because land can be properly dedicated to public use it has been.

¶11    Preserving the burden of proof on the party asserting a dedication to public use comports with the Restatement (Third) of Property: Servitudes, which recognizes both that evidence of an offer to dedicate to the public is required, *id.* § 2.18 cmt. e, and that, absent such evidence, courts presume the creators of easements intend to burden only the estates or other interests they otherwise own, *id.* § 2.5 cmt. a ("The intent of the parties determines which estates or servitude interests are burdened or benefited by a servitude. . . . [T]he normal inference is that the parties intend to burden or benefit the estates or other interests they own in the property."). We therefore hold that the court of appeals erred in presuming a dedication for public use and that the burden of establishing a public dedication remained on the Kadlecs.

6

¶**12**    Summary judgment is appropriate when there is no genuine issue of material fact for a jury to resolve and the moving party is entitled to judgment as a matter of law. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 309-10, 802 P.2d 1000, 1008-09 (1990). The Kadlecs had the burden of identifying facts from which a jury reasonably could conclude that Turigliatto intended a public dedication. The record permits no such inference. First, in contrast to *Evans* and *Leidendeker*, no language in Turigliatto's deeds or survey map suggests that the easement was dedicated to the public. Second, when Turigliatto conveyed two of the parcels in separate sales, he retained an easement over the Dorseys' lot and an adjacent eastern lot, while he still held the westernmost parcel - a step that would be unnecessary if the same easement had been dedicated to the public in those transactions. *See* Restatement (Third) of Property: Servitudes § 2.5 cmt. a. Finally, when Turigliatto disposed of the western parcel, he retained the ownership of the road, granting the parcel only an easement. On this record, therefore, partial summary judgment should not have been granted to the Kadlecs on this issue.

**IV**

¶**13**    For the foregoing reasons, we vacate the court of appeals' decision and reverse the superior court's decision

granting partial summary judgment to the Kadlecs and Howells. We remand for further proceedings consistent with this opinion.[1]

_____
Michael D. Ryan, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice

---

[1] Because our holding does not resolve the Kadlecs' claim for prescriptive easement rights, we decline to grant the Dorseys' request for attorney's fees pending further proceedings in the superior court.